IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No.: 3:06-CV-00513

TEKSYSTEMS, INC., )
 )
      Plaintiff, )
 )
vs. ) CONSENT ORDER
 )
BRYAN HOWLIN, )
 )
      Defendant. )
 )

Whereas Plaintiff TEKsystems, Inc. ("TEKsystems") has filed suit against Defendant Bryan Howlin ("Howlin"); and

Whereas the parties have agreed to resolve their differences through entry of this Consent Order;

## FINDINGS OF FACT

1. This Court has jurisdiction over Defendant Bryan Howlin ("Howlin").

2. Howlin was hired as a technical recruiter and executed an Employment Agreement (the "Agreement") with Aerotek on November 28, 1994.

3. The Agreement contains covenants not to compete, not to solicit, and not to divulge confidential information.

4. Also as part of Howlin's employment at TEKsystems, he became a participant in the Allegis Group's Incentive Investment Plan ("IIP"). The IIP provides that Howlin will continue to receive payments under the Plan so long as he complies with certain covenants not to compete, not to solicit, and not to divulge confidential information.

5. On November 26, 2005, Howlin was terminated for cause from his employment with

TEKsystems. Howlin began working Sherpa, LLC ("Sherpa") doing financial placements. Sherpa has a division which competes with TEKsystems.

ORDER

The Court enters an injunction as follows:

1. Howlin may not make any placements at Bank of America in Project Management ("technical duties" or "technical background" as those terms are defined in No. 2 below); Technical (developers or analysts); Business Analysts ("technical duties" or "technical background" as defined below); or any placements in the Global Technology Services and Fulfillment Group.[1] Howlin may, directly or indirectly through those Sherpa employees he managers or supervises, continue to make placements in the finance groups at Bank of America, including tax, audit, compliance, risk, and financial services. Howlin will not meet with any Bank of America employees for the purpose of selling any prohibited placement services.

2. Neither Howlin nor anyone he supervises will make technical staffing placements at any customer. For purposes of this Order, a position is considered technical if:

   a. The job includes technical responsibilities, even if it is not exclusively technical; and

   b. The individual being placed had a technical background, experience, or education; and

   c. The individual is placed in a group or subgroup which is part of a technical group or subgroup.

---

[1] Specifically including the subgroups: Consumer and Small Business Banking; Global Wealth & Investment Management; Corporate Support—Business Technology Group; Capital Markets/Wholesale Business Technology (includes CRMS); Network Computing Group; Corporate Security/Business Continuity Group; Transaction Services/TPST; Consumer Risk Operations Group; Customer Service & Support; Corporate Workplace; Enterprise Initiate Delivery; and PMO Budget.

This restriction only applies to the geographic areas referenced in the Agreement and the IIP.

3. Neither Howlin nor anyone he supervises will place any individual who was listed as a candidate with TEKsystems as of November 26, 2005 and/or who Howlin directly placed or interacted with while Howlin was employed with TEKsystems. This restriction does not apply to persons who were listed as candidates with Sherpa prior to November 26, 2005. TEKsystems bears the burden of proving, with documentation or other probative evidence, that Howlin placed or interacted with the employee in question while Howlin was employed with TEKsystems.

4. Allegis will continue to make payments to Howlin under the IIP so long as he remains in compliance with this Order.

5. Howlin will make two payments of $3,750.00 each ($7,500.00 total) to Allegis Group, each payment is due within ten days of receipt of his next two IIP payments.

6. Any dispute that arises out of this Consent Order will be submitted to mediation using Intercede Mediation/ADR Services before it is brought before this Court. Mediation will occur within 30 days of the first date on which one of the Parties identifies a dispute arising out of the Consent Order. The Parties will bear their own costs of representation at mediation and equally divide responsibility for the cost of the mediator.

7. This Injunction will remain in effect until May 26, 2008, at which time this action shall be dismissed with prejudice.

8. In the instance that the mediation specified in paragraph six (6) fails, this Court will have continuing jurisdiction over the Parties regarding the terms of this Consent Order and the terms of the original contract rights under the Employment Agreement and IIP.

We Consent:

                                                    s/ Marylin Culp

s/ Mark P. Henriques
Mark P. Henriques                                   Marylin Culp
Sarah A. Motley                                     Littler Mendelson
Womble Carlyle Sandridge & Rice, PLLC               Bank of America Corporate Center
3500 One Wachovia Center                            100 North Tryon Street, Suite 4150
301 S. College Street                               Charlotte, NC 28202
Charlotte, NC 28202                                 Counsel for Plaintiff
Counsel for Defendant

s/ Bryan Howlin                                     s/RD Sones
Bryan Howlin                                        TEKSYSTEMS, INC.
Defendant                                           Plaintiff



Signed: April 11, 2007

_____
Robert J. Conrad, Jr.
Chief United States District Judge